Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with some modification.
The full Commission finds as facts and concludes as matters of law the following which were entered into by the parties by Pretrial Agreement as:
 STIPULATIONS
1. Medical records marked as Stipulated Exhibit 1 were received into evidence.
2. By Order dated 26 October 1995, the Commission ruled that plaintiffs injury of 12 March 1994 was compensable and ordered defendant to pay all medical expenses pursuant to and in accordance with G.S. 97-25.
***********
Based upon the stipulations as well as all the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Daniel E. Gooding, M.D., an anesthesiologist who specializes in pain care, has recommended a dorsal column stimulator for plaintiff. Dr. Gooding began discussing the stimulator with plaintiff in March 1998. The dorsal column stimulator is intended to decrease the amount of medication plaintiff is required to take, reduce any side effects, and provide better pain control. Plaintiff has been determined to be a good candidate for placement of the dorsal column stimulator, with an estimated 50 to 75 percent chance for significant improvement with use of this device.
2. Dr. Gooding sought authorization for treatment from defendant in November or December of 1998. Defendant initially failed to respond to Dr. Goodings request for authorization. After plaintiff filed for a hearing before a deputy commissioner in March 1999, defendant responded by Form 33R Response that treatment with a dorsal column stimulator was not reasonable and necessary. Defendant has not sought an independent medical evaluation of plaintiff.
3. Plaintiff has undergone four surgeries to his back since his injury on 12 March 1994. Bruce V. Darden, II, M.D., an orthopedic specialist, performed plaintiffs four back surgeries and referred plaintiff to Dr. Gooding in January 1998. Dr. Darden does not specialize in pain care or dorsal column stimulators. Dr. Darden testified at his deposition that implantation of the dorsal column stimulator would be reasonable if Dr. Gooding recommended it for plaintiff.
4. Prior to recommendation of the stimulator surgery, Dr. Gooding treated plaintiff with a variety of conservative measures, including steroid injections, a TENS unit, and various narcotic medications. Plaintiff was unable to tolerate many of the long-term narcotics prescribed for him at the pain center.
5. Defendant has not offered sufficient medical evidence to contradict Dr. Goodings recommendation that the stimulator is reasonable and necessary to attempt to control plaintiffs pain.
6. Dorsal column stimulators are controversial and expensive. Defendant had a reasonable basis to question the efficacy of a dorsal column stimulator in this case. However, at some point prior to the hearing before the deputy commissioner, defendant did not make sufficient efforts to substantiate its opposition to this form of treatment.
7. Defendants continued refusal to authorize the treatment with the dorsal column stimulator, and to force the issue to a hearing, constituted unfounded litigiousness.
8. In its discretion, the Commission has determined that, because of defendants unfounded litigiousness, plaintiff should be awarded a reasonable attorneys fee in the amount of $2,500, in addition to reasonable expenses of $448.64.
9. Defendant has prevailed, in part, on the attorneys fees issue, which was the sole issue raised in this appeal.
10. On 9 May 2000, plaintiff filed a motion for attorneys fees pursuant to G.S. 97-90(c).
11. Defendant had reasonable grounds to appeal the deputy commissioners award of attorneys fees.
***********
 CONCLUSIONS OF LAW
1. Plaintiff has proven by the greater weight of the evidence that he is entitled to receive a trial period of treatment with a dorsal column stimulator followed by permanent placement of a stimulator if the trial period is successful. Such treatment is reasonably necessary to effect a cure, give relief, and lessen plaintiffs period of disability. G.S. 92-2(19), 97-25.
2. Plaintiff is entitled to a reasonable attorneys fee as a result of defendants unfounded litigiousness in the amount of $2,500.00, and expenses in the amount of $448.64. G.S. 97-88.1.
3. A prior Opinion and Award filed in this case on 15 January 1998 approved a 25% attorneys fee for plaintiffs counsel as a reasonable fee, in accordance with G.S. 97-90(c). That 25% attorneys fee award is ongoing for the period of plaintiffs total disability and is an issue that was decided by a previous panel and was not appealed in accordance with the Act. G.S. 97-90(c). The award of attorneys fees herein is pursuant to G.S. 97-88.1 and is, therefore, an award left to the sound discretion of the Commission. G.S. 97-88.1.
4. Plaintiff is not entitled to attorneys fees for the current appeal to the full Commission pursuant to G.S. 97-88, because defendant has prevailed, in part, on the sole issue on appeal. G.S. 97-88.
5. Plaintiff is not entitled to attorneys fees for the current appeal to the full Commission pursuant to G.S. 97-88.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay for the trial period and eventual permanent placement, if appropriate, of the dorsal column stimulator, as recommended by Dr. Daniel Gooding. Defendant shall pay for all reasonable treatment recommended by Dr. Daniel Gooding or any other physician at the Presbyterian Pain Center that tends to effect a cure, give relief, or lessen plaintiffs period of disability.
2. Defendant shall approve the treatment for the dorsal column stimulator within ten (10) days of this Order. A copy of this approval shall be mailed to Dr. Darden and plaintiffs counsel. A letter of authorization from defendant to Presbyterian Pain Center authorizing payment for plaintiffs surgery shall constitute compliance with this Order.
3. Defendant shall pay plaintiffs counsel a reasonable attorneys fee of $2,500.00, and expenses in the amount of $448.64.
4. Defendant shall pay the costs.
 S/____________________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_________________ DIANNE C. SELLERS COMMISSIONER
S/_________________ CHRISTOPHER SCOTT COMMISSIONER